UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-60112-CIV-COHN/SELTZER

RIGOBERT LEVIELLE,

    Plaintiff,

v.

JPMORGAN ACQUSITION TRUST, et al.,

    Defendants.

_____/

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint and Strike Demand for Jury Trial and Request for Attorney's Fees [DE 16] ("Motion").[1]  Plaintiff has not responded to the Motion by the deadline of March 8, 2013, nor has he responded to the Court's March 15, 2013, Order to Show Cause.  See DE 9.  The Court has carefully reviewed the Motion and the record in this case and is otherwise fully advised in the premises.

    In this removed action, *pro se* Plaintiff Rigobert Levielle alleges that Defendants engaged in a fraudulent scheme involving a residential mortgage loan that was issued in January 2006 and later foreclosed in June 2009.  See DE 1-3 at 4-35 (Compl.).  Plaintiff's Complaint is pleaded in a rambling, "shotgun" fashion, making it difficult to understand the basis for his various claims.  Nevertheless, the public records attached

---

[1] The Motion is filed on behalf of Defendants U.S. Bank, National Association, as Trustee for JPMorgan Acquisition Trust 2006-ACC1 (improperly named as JPMorgan Acquisition Trust) and Mortgage Electronic Registration Systems, Inc. See DE 16 at 1.  None of the other named Defendants have been served with process or have otherwise appeared in this case.  See DE 1 at 2 (Notice of Removal).

to the Motion show that Plaintiff was not a party to the disputed loan and was named as a defendant in the foreclosure action because he was a nominal owner of the property at the time of foreclosure.  See Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005) (explaining that a court may consider documents attached to a motion to dismiss if the documents are central to the plaintiff's claim and their authenticity is not challenged).

Defendants now move to dismiss Plaintiff's Complaint with prejudice and to strike his demands for a jury trial and for an award of attorney's fees.  The Motion identifies several basic defects in the Complaint, including that Plaintiff lacks standing, that his claims are barred by res judicata and limitations, and that he states no plausible claim for relief against any Defendant.  After Plaintiff did not timely respond to Defendants' Motion, the Court issued an Order requiring Plaintiff to show cause, by March 27, 2013, "why the Court should not grant [the Motion] by default."  DE 19 at 1.  Alternatively, the Court allowed Plaintiff to respond to the Motion by March 27, 2013.  See id.  The Court cautioned Plaintiff that if he "does not timely respond to this Order or Defendants' Motion, the Court may grant the relief sought in the Motion."  Id.  As of this date, however, Plaintiff has not responded to the Order or the Motion in any way.

Having closely reviewed Defendants' Motion and the record in this case, the Court concludes that the Motion should be granted.  Defendants have pointed out multiple issues that foreclose Plaintiff's claims here, and Plaintiff has made no effort to refute these arguments.  See S.D. Fla. L.R. 7.1(c) (providing that failure to timely respond to a motion "may be deemed sufficient cause for granting the motion by default").  More, given Plaintiff's failure to respond or to otherwise participate in this case, it is clear that he has abandoned the prosecution of this action.  See DE 11

(noting that Plaintiff failed to appear at scheduling conference before Chief Magistrate Judge Seltzer); DE 18 (indicating that Plaintiff did not participate in selection of mediator or scheduling of mediation conference).

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Plaintiff's Complaint and Strike Demand for Jury Trial and Request for Attorney's Fees [DE 16] is hereby **GRANTED**. The above-styled action is hereby **DISMISSED WITH PREJUDICE**. The Clerk of Court shall **CLOSE** this case and **DENY AS MOOT** all other pending motions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 11th day of April, 2013.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies to:

Counsel of record (via CM/ECF)

Rigobert Levielle, *pro se* (via CM/ECF mail)
3301 SW 179 Avenue
Miramar, FL  33029